ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 3 2006

at 3 o'clock and 50 min. P MSP
SUE BEITIA, CLERK

RANDY OYAMA, #5767
Attorney at Law
888 Mililani Street, PH2
Honolulu, Hawaii 96813
Telephone: (808) 521-9840

Attorney for Defendant
MANUEL OMAR LUERA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 05-00104DAE-01 |
| Plaintiff, | DEFENDANT MANUEL OMAR LUERA'S MOTION FOR DOWNWARD DEPARTURE; |
| vs. | CERTIFICATE OF SERVICE |
| MANUEL OMAR LUERA, | |
| Defendant. | |

**DEFENDANT MANUEL OMAR LUERA'S MOTION FOR A DOWNWARD DEPARTURE**

COMES NOW the defendant, MANUEL OMAR LUERA, through his
counsel, Randy Oyama, Esq., respectfully files the following
items for consideration for adjustment and/or downward departure.

A.  **Defendant seeks an adjustment to the base offense level
    based on his role in the offense.**

Defendant warrants a reduction of base offense level, based
upon his role in the offense.

Defendant's role was that of a middleman.  Basically,

Defendant contacted the source of supply, and informed him to send the narcotics to particular addresses and names provided by Defendant.  After receipt of shipment, the recipient would then make payment to Defendant, who in turn, would remit those funds to the source of supply.  In short, he was a middleman for these drug transactions.

As a middleman, Defendant argues that his involvement is less than his source of supply, as well as the recipient of the supply, and therefore, warrants a reduction on the base offense level.

B.  **Defendant is entitled to a downward departure based upon his substantial assistance to the government.**

Defense counsel believes that the government is not going to file a motion for downward departure for substantial assistance to the authorities, pursuant to U.S.G.G. 5K.1.1.

It is Defendant's belief that he has substantially assisted the Government in arranging a controlled buy of pound quantities of methamphetamine, which resulted in the arrest and conviction of his source of supply.

Based on that assistance, and other assistance to the Government, Defendant is requesting that the court grant a departure based upon substantial assistance.

The following is the assistance provided by the Defendant:

1.  Defendant confessed all participation in the charges brought against him, immediately after his arrest. Defendant debriefed with the whole truth of his wrongful doing.

2.  From the time Defendant was arrested December 22, 2004 to December 31, 2004, Defendant cooperated with the DEA in the arrest of one of the suppliers which sent the four pounds to Tyson Quisano.

3.  Defendant retained six and a half pounds of meth of "Ice," during December 22, 2004 - December 31, 2004, for the DEA.

4.  During December 22, 2004 - December 31, 2004, Defendant single handedly arranged the arrest operation of how to capture the supplier. From hotel arrangements, to specific dates they should travel, without Defendant's coordination, no arrest, and no drugs would have been attained.

5.  During the flight back from San Diego, California, on December 31, 2004, nine days from Defendant's arrest, December 22, 2004, Defendant gave leading Special Agent Pat Picciano solid information of two unregistered sex offenders who have video distribution of child pornography.

3

6.  During December 22, 2004 - December 31, 2004, Defendant
    gave information of legit businesses which drug money
    was being laundered.  Bike Factory, Exotic Nights,
    Tanning Salons, Spot Light Apparel.

7.  During the flight back from San Diego, California on
    December 31, 2004, nine days from my arrest, December
    22, 2004, Defendant also gave 5 to 10 names and numbers
    of known drug dealers the DEA should start
    investigations on.

8.  From the time of Defendant's capture on December 22,
    2004, Defendant was "babysitted" until the arrest was
    made in San Diego, the meth was delivered and during
    the meantime, Defendant was held from hotel to hotel,
    on Christmas, Defendant was placed in a holding tank at
    Honolulu Police Department and then finally, turned in
    at Federal Detention Center.

9.  Between April and May 2005, Defendant made contact with
    an FBI Agent in San Diego to pursue an investigation
    which leaked thousands of illegal aliens and possible
    terrorists into the United States, by purchasing legal
    Mexican passports.  Defendant debriefed the whole
    operation to the FBI agent.

13. Defendant Manuel Omar Luera promise to keep informing

4

the DEA, CIA, or FBI of any wrongful, illegal during at

any member in society for the rest of my life.

**ARGUMENT**

Whether the sentencing court has the authority to depart

from the guideline sentence pursuant to U.S.S.G. 5K1.1, in the

absence of a government motion, has not yet been addressed by the

Ninth Circuit Court of Appeals.  However, this issue had been

recently addressed by the District of Columbia Circuit Court of

Appeals in In re Sealed Case, 149 F.3d 1198 (D.C. Cir. 1998).

The appellate court in that case, applying Koon v. United States,

518 U.S. 81, 116 S.Ct. 2035 (1996), and finding nothing in the

sentencing guidelines flatly prohibiting departures in the

absence of a government motion, remanded the case to the district

court to determine whether the circumstances of this case take it

out of the relevant heartland so as to warrant departure.  149

F.3d at 1199.  Counsel is aware that In re Sealed Case, which was

decided on July 24, 1998, has just recently been vacated in part

and rehearing granted, In re Sealed Case, --- F.3d --- (D.C. Cir.

Nov. 03, 1998) (No. 97-3112) (Text Not Available on Westlaw).[1]

---

[1] Counsel is aware of only one other case addressing the question of a
downward departure based upon the defendant's cooperation in the absence of a
government motion pursuant to U.S.S.G. 5K1.1. That case is United States v.
Kaye, 140 F.3d 86 (2nd Cir. 1998). In Kaye, the defendant had assisted state
and local authorities, rather than federal law enforcement. The appellate
court found that while a departure under section 5K1.1 referred only to
assistance to federal authorities, a departure under section 5K2.0, allowing
for a departure for circumstances not adequately taken into account by the

In the instant case,  . . .

The information provided to the Secret Service by MANUEL OMAR LUERA takes his cooperation and assistance out of the "relevant heartland" for a substantial assistance departure, assuming that assistance that leads to the prosecution of another represents that heartland, because it provided law enforcement with assistance that has a value and usefulness that is equal to the kind of assistance that leads to an arrest, particularly in this case in which counterfeiting methods and knowledge of counterfeiting methods is of such importance in investigating and detecting counterfeiting crimes.  Thus, a departure in this case based upon the defendant's own motion for a departure is permissible pursuant to <u>United States v. Koon</u>, 518 U.S. 81, 116 S.Ct. 2035 (1996), because such a departure is not expressly prohibited by the guidelines and the factor of substantial assistance that does not lead to an arrest and prosecution is one that has not been adequately considered by the Sentencing Commission.

MANUEL OMAR LUERA respectfully requests that this Court grant him a departure for the substantial assistance that he has provided to law enforcement in this case.

---

guidelines, was permissible based upon the defendant's cooperation with state and local authorities.  <u>Id.</u>, at 87.

DATED:    Honolulu, Hawaii, April 13, 2006.

_____
RANDY OYAMA
Attorney for Defendant
MANUEL OMAR LUERA

## CERTIFICATE OF SERVICE

I, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following upon the filing hereof:

BEVERLY WEE SAMESHIMA
Assistant United States Attorney
PJKK Federal Building
300 Ala Moana Boulevard, Room 6100
Honolulu, Hawaii   96850

Attorney for Plaintiff
UNITED STATES OF AMERICA

MALIA EVERSOLE
Senior U.S. Probation Officer
U.S. Courthouse
300 Ala Moana Boulevard, Room C-126
Honolulu, Hawaii   96813

DATED:   Honolulu, Hawaii, April 13, 2006.

_____
RANDY OYAMA
Attorney for Defendant
MANUEL OMAR LUERA