MICHAEL JAY GREEN  4451
345 Queen Street, 2d Floor
Honolulu, Hawaii 96813
Telephone: (808)521-3336
Facsimile (808) 566-0347

Attorney for Defendant
MANUEL OMAR LUERA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00104 DAE |
| ) | |
| Plaintiff ) | DEFENDANT LUERA'S |
| ) | SENTENCING |
| v. ) | MEMORANDUM; |
| ) | CERTIFICATE OF SERVICE |
| MANUEL OMAR LUERA, ) | |
| ) | Sentencing Date: 4/28/06 |
| Defendant. ) | Time: 9:30 a.m. |
| ) | Judge: David Alan Ezra |

**DEFENDANT LUERA'S SENTENCING MEMORANDUM**

Defendant Manual Omar Luera, by undersigned counsel, hereby files his Sentencing Memorandum.

On April 13, 2006, defendant Luera, by his then counsel Randy Oyama, filed a Motion for a Downward Departure. At that time, sentencing was scheduled for April 17, 2006. On April 17, 2006, undersigned counsel appeared and notified the court that defendant Luera wished to retain undersigned counsel in place of Randy Oyama. The court continued defendant Luera's sentencing to April 28,

2006. A withdrawal and substitution of counsel has been filed.

Defendant Luera no longer seeks a downward departure. However, for the reasons set forth in defendant Luera's Motion for a Downward Departure, which is incorporated herein by reference, defendant Luera now asks this Court to consider exercising its discretion pursuant to United States v. Booker, 125 S.Ct. 738 (1/12/2005), and to impose sentence below the guideline range applicable under the now advisory United States Sentencing Guidelines.

### 1. The Assistance That Defendant Luera Has Provided To The Government

As explained in the Government's Sentencing Statement, p.2-3, defendant Luera confessed immediately upon his arrest and began cooperating with the government. Defendant Luera's cooperation produced the arrest and indictment of defendant Luera's supplier, Ruben Marin. Specifcially, defendant Luera worked with the DEA to set up Marin in connection with a controlled buy of approximately six pounds of methamphetamine. Under the direction of the DEA, defendant Luera recorded telephone calls with Marin, convinced Marin to send defendant Luera six pounds of methamphetamine to Honolulu via Federal Express, and arranged a meeting with Marin in San Diego to deliver payment. The government seized the six pounds of methamphetamine and arrested Marin in San

Diego when he attended the meeting with Luera to obtain payment. As a result of the strong case that Luera was instrumental in building against Marin, Marin ultimately pled guilty.

The government has chosen not to file a motion for downward departure pursuant to United States Sentencing Guidelines 5K1.1.[1] Defendant Luera does not contend that the government's decision was in bad faith or in violation of the plea agreement. However, defendant Luera does ask this Court to take his assistance into account in determining the appropriate sentence to impose.[2]

### 2.    Defendant Luera's Role In The Offense

In his motion for downward departure, p.1-2, defendant Luera asks this Court to reduce his offense level based on his minor role in the offense. See U.S.S.G. 3B1.2. As explained in defendant Luera's motion, p.1-2, defendant Luera's role in the offense was that of a middleman. He was less culpable than his

---

[1] Defendant Luera has admitted that on or about March 9, 2005, he violated his conditions of release by leaving the Island of Oahu. Defendant Luera was located by U.S. Marshalls in early May 2005. Although the government was concerned that defendant Luera's fugitive status would jeopardize its case against Marin, ultimately, it did not do so. See Government Sentencing Statement, p.5. Nevertheless, the government's position is that defendant Luera's violation of his release conditions nullified his prior cooperation.

[2] In addition to the assistance described above, defendant Luera also asks the court to consider the additional assistance cited in his Motion for a Downward Departure, p.3-5, paragraphs 5-7, 9, 13. Defendant Luera did not provide assistance to the Secret Service concerning counterfeiting, and he therefore withdraws the statements concerning that matter which are set forth in his Motion for a Downward Departure, p.6.

source of supply and the buyer. Defendant Luera asks this Court to consider his lesser role in the offense in determining the appropriate sentence to impose, whether or not the court determines that the defendant's advisory sentencing guidelines offense level should be reduced.

DATED: April 24, 2006, Honolulu, Hawaii.

Respectfully submitted,

MICHAEL JAY GREEN

Attorney for Defendant
MANUEL OMAR LUERA

CERTIFICATE OF SERVICE

I, Michael Jay Green, hereby certify that a true and exact copy of the foregoing document was duly served on the following on April 24, 2006:

>BEVERLY WEE SAMESHIMA
>Assistant United States Attorney
>PJKK Federal Building
>300 Ala Moana Blvd., Room 6100
>Honolulu, Hawaii 96850
>
>Attorney for Plaintiff
>UNITED STATES OF AMERICA
>
>MALIA EVERSOLE
>Senior United States Probation Officer
>United States Courthouse
>300 Ala Moana Blvd., Room C-110
>Honolulu, Hawaii 96850

_____
MICHAEL JAY GREEN
Attorney for Defendant
MANUEL OMAR LUERA