```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )  CV. NO. 07-00234 DAE-KSC
                               )  CR. NO. 05-00104 DAE
              Plaintiff,       )
                               )  MEMORANDUM OF LAW
     vs.                       )
                               )
MANUEL OMAR LUERA,             )
                               )
              Defendant.       )
                               )
```

MEMORANDUM OF LAW

Defendant Manuel Omar Luera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is premised upon the alleged claims of ineffective assistance by his prior retained defense counsel, Michael Green and Randall Oyama.

Defendant claims that counsel failed to: (1) file an appeal despite a request that he do so; and (2) explain to him the charges and the consequences of his plea; and (3) failed to object to the two level obstruction enhancement.

Given these allegations, defendant has waived his attorney-client privilege with both Mr. Green and Mr. Oyama, such that both counsel may be interviewed, prepare affidavits or declarations, and may be called as witnesses, in this proceeding if necessary.

Laughner v. United States, 373 F.2d 326 (5th Cir. 1967) illustrates that the privilege is intended to act as a shield, not a sword. When defendant's former counsel was called by the

government as a witness at a § 2255 evidentiary hearing claiming ineffective assistance of counsel, defendant objected on the basis of attorney-client privilege.  In utterly rejecting defendant's contention, the Fifth Circuit said:

> We are met first with the remarkable contention that appellant's rights were infringed upon by reason of the fact that the attorney he charged with failure to represent him adequately at his arraignment and sentencing was called as a witness by the government and permitted by the court to testify in this postconviction proceeding with respect to the factual issues raised by appellant's motion.  Having demanded and obtained a factual judicial inquiry into his claim that the attorney appointed to render him the assistance of counsel for his defense failed to discharge his responsibilities properly, appellant now proposes to invoke the privilege accorded confidential communications between an attorney and his client to eliminate the one source of evidence likely to contradict his allegations.  We are unable to subscribe to this proposition.  The privilege is not an inviolable seal upon the attorney's lips.  It may be waived by the client; and where, as here, the client alleges a breach of a duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue.

373 F.2d at 327.  See also, Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.), cert. denied, 124 S. Ct. 536 (2003) (where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all matters raised in his habeas petition).

//

//

//

These holdings are also entirely consistent with the Hawaii Rule of Professional Conduct 1.6,[1] which provides:

> (c)   A lawyer may reveal information relating to representation of a client to the extent the lawyer reasonably believes necessary:
>
> . . .
>
> (3)   to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge, civil claim, or disciplinary complaint against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or
>
> . . .

Under established case law, and the rules of professional conduct, it is clear that Luera, by alleging that prior counsel provided ineffective assistance of counsel, has waived his attorney-client privilege.

## CONCLUSION

Luera, by bringing his § 2255 motion, has waived his attorney-client privilege with his counsel.  For the foregoing reason, the United States of America submits that the

//

//

//

//

---

[1]   Local Rule 83.3 applies the Hawaii Rules of Professional Conduct proceedings in this Court.

instant motion should be granted and the appended proposed Order issued by this Court.

DATED: May 14, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Beverly Wee Sameshima
   BEVERLY WEE SAMESHIMA
   Assistant U.S. Attorney