IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 07-00234 DAE-KSC |
| | ) | CR. NO. 05-00104 DAE |
| Plaintiff, | ) | |
| | ) | DECLARATION OF COUNSEL |
| vs. | ) | |
| | ) | |
| MANUEL OMAR LUERA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF COUNSEL

     I, BEVERLY WEE SAMESHIMA, upon penalty of perjury, declares and states as follows:

     1.  I am an Assistant U.S. Attorney in the District of Hawaii and counsel of record representing the United States in the above-entitled criminal case.  I make this Declaration of my own personal knowledge.

     2.  On May 7, 2007, Defendant Manuel Omar Luera filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody wherein he seeks to vacate his sentence on the basis of alleged ineffective assistance of defense counsel.  Throughout the case, defendant had several counsel, both of whom were retained.  Attorney Michael Green represented the defendant during his initial appearance and bail hearing.  On July 22, 2005, Green withdrew as counsel and Randall Oyama substituted as defendant's counsel of record.  Oyama represented the defendant during plea negotiations and in connection with the entry of his guilty plea.  Oyama filed

a sentencing statement and downward departure motion on behalf of the defendant.  On the eve of sentencing, Oyama withdrew as counsel and Michael Green again appeared as retained counsel and represented the defendant at sentencing.  Defendant makes several claims in support of his motion. He claims counsel was ineffective because (1) his plea was not voluntary and he did not understand the nature of the charge and the consequences of the plea; (2) that counsel failed to file an appeal despite a request that such an appeal be filed; and (3) that counsel failed to object to a two level enhancement for obstruction.

       3.  I have sent copies of defendant's instant motion to both Michael Green and Randall Oyama.  In order to prepare an appropriate response to defendant's motion, a court order permitting disclosure of attorney-client communications so that both Mr. Green and Mr. Oyama may respond to Luera's allegations is necessary.  Given the defendant's allegations, the Government submits that good cause exists, based upon the appended Memorandum of Law, for this Court to find a waiver of attorney-client privilege herein.

       I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND RELIEF.

       DATED:  May 14, 2007, at Honolulu, Hawaii.

                                      /s/ Beverly Wee Sameshima
                                      BEVERLY WEE SAMESHIMA