IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATE OF AMERICA,
    Plaintiff,

Vs.

MANUEL OMAR LUERA,
    Defendant.

Cv No. 07-00234 DAE-KSC
Cr No. 05-00104 DAE

**MOTION REQUESTING THE DISTRICT COURT TO STAY CONSIDERATION OF THE PETITION FILED UNDER 28 U.S.C § 2255.**

---

    Comes now Manuel Omar Luera <u>Pro Se</u> as his own attorney on behalf of himself and asks this honorable Court to stay consideration of his petition filed under 28 U.S.C. § 2255, for the following reasons, but not just limited to these reasons.

    Petitioner filed a motion under 28 U.S.C. § 2255. When petitioner filed this motion petitioner did not have any documents pertaining to his case. Due to the stringent time limitations established by the Anti-Terrorism and Effective Death Penalty Act of 1996, petitioner had to file his motion without being able to review any of his documents pertaining to his case, or the claims that he raised in his 28 U.S.C. § 2255 motion.

    Therefore, petitioner had to relie to the best of his knowledge on the issues that he raised in his 28 U.S.C. § 2255 motion, which petitioner believes them to be true and correct.

    Petitioner has not been able to get any of his documents

pertaining to his case from his past attorneys, therefore, he has filed with this court a Motion For Order Directing Discharged Counsel To Return Defendant's File, to him. So that he may be able to support his claims that he has raised in his 28 U.S.C. § 2255 motion.

Petitioner does not have his change of plea hearing transcript, sentencing transcript, and his presentencing report, which he also needs to support his claims that he has raised in his 28 U.S.C. § 2255 motion. For that reason he has also made a request for them through a motion with this court.

Petitioner would like to piont out that he is not educated in the law or these types of proceedings, nor can he afford to hire an attorney for this proceeding. Petitioner had no knowledge of the stringent time limitations established by the Anti- Terrorism and Effective Death Penalty Act of 1996. So he had to file his 28 U.S.C. § 2255 motion to the best of his knowledge and raised the issues that he believes to be true and correct, or be procedurally barred from raising these issues at a later time.

Once petitioner obtains his file and the change of plea transcript, sentencing transtcript, and the presentencing report. He will be able to present evidence to support his claims, will be able to withdraw any claims that can not be supported so that this court or the United States Government will not have to address issue without any merit, and may have to amend his petition due to not having his file and those additional documents he is requesting.

Therefore, in the interest of justice, so that this Honorable Court will not have to address claims that petitioner can not support after receiving his documention pertaining to his case, and so that this pitition can be amended if necessary with issues that will relate back to the original issue of ineffective assistence of counsel, this request to "Stay Consideration Of The Petition Filed Under 28 U.S.C. § 2255" is being made.

Dated this 24 day of May, 2007.

Respectfully Submitted

Manuel Omar Luera
Reg#91889-022
FCI Terminal Island
P.O. Box 3007
Terminal Island, Ca 90731


## CERTIFICATE OF SERIVCE

I Manuel Omar Luera, hereby certify that a true and correct copy of this Motion to Stay Consideration Of The Petition Filed Under 28 U.S.C. § 2255, has been mail postage prepaid on this 24 day of May, 2007, to the following:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii
300 Ala Moana Blvd.
Honolulu, Hawaii 96850

Manuel Omar Luera