ORIGINAL

MICHAEL JAY GREEN 4451
345 Queen Street, Suite 200
Honolulu, Hawaii 96813
Telephone No.: 808-521-3336
Facsimile No.: 808-566-0347

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 1 2007

at 10 o'clock and 55 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL OMAR LUERA,<br><br>Defendant. | ) CR 05-00104 DAE-01<br>) CR. NO 07-00234 DAE-KSC-2255<br>)<br>) DECLARATION OF<br>) MICHAEL JAY GREEN<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF
MICHAEL JAY GREEN

MICHAEL JAY GREEN, declares as follows:

1.    I am an attorney licensed to practice law before all courts in the State

of Hawaii and was the previous attorney of record for Defendant herein.

2.    I was the Defendant's attorney of record at the time of Sentencing.

3.    The Defendant was sentenced to a term of imprisonment within the advisory guidelines.

4.    At the time of Sentencing it's my belief that the Defendant was advised that he was giving up all rights of Appeal, but for: (1) a sentence wherein the Court imposed a sentence that exceeded the advisory guidelines, (2) that his attorney provided ineffective assistance of counsel.

5.    The Court did NOT impose a sentence that exceeded the advisory guidelines.

6.    The Defendant retained the right to appeal his sentence based on ineffective assistance of counsel.

7.    As to page 5 of 6 of the *Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255*: (a) If the Defendant believed I was ineffective, he had that right of appeal. I never discussed an appeal of his sentence with him. I certainly would not have filed an appeal alleging **I was ineffective**. I was not. (b) I was never asked to appeal the Defendant's sentence and was never hired to prosecute an appeal.

8.    As to page 5 the *Defendant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255*: (c) I was NOT the Defendant's attorney at the time of his Change of Plea. As I didn't

represent Mr. Luera at his Change of Plea, I have no knowledge as to what his attorney discussed with him prior to his pleading guilty.

9.    It was not my responsibility to object to the proposed pre-sentence report and any sentencing enhancements recommended by the probation department. I assumed the Defendant and his attorney reviewed and discussed the proposed pre-sentence report.

10.    If the Defendant wanted his file, he certainly is entitled to that file. If he had made that request, I was unaware of that request, and will certainly provide what I have.

11.    On April 24, 2007, I substituted in for Randall Oyama to appear on behalf of the Defendant for sentencing purposes.

10.    I reviewed the Defendant's pre-sentence report prior to appearing at his sentencing, and the '2 level' enhancement for obstruction of justice was absolutely in accordance with the guidelines. This Defendant fled the jurisdiction and violated his conditions of bail. Under no circumstances was this 2 level enhancement mis-applied to this Defendant.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, _____ May 30 _____, 2007.


_____
MICHAEL JAY GREEN