EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
E-Mail:  Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 07-00234 DAE-KSC |
| | ) | CR. NO. 05-00104 DAE |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S MEMORANDUM IN |
| vs. | ) | OPPOSITION TO DEFENDANT MANUEL |
| | ) | OMAR LUERA'S MOTION PURSUANT |
| MANUEL OMAR LUERA, | ) | TO 28 U.S.C. § 2255 TO VACATE |
| | ) | CONVICTION; EXHIBITS A-G; |
| Defendant. | ) | CERTIFICATE OF SERVICE |
| | ) | |


GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT MANUEL OMAR LUERA'S MOTION
PURSUANT TO 28 U.S.C. § 2255 TO VACATE CONVICTION

TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . i

I.   Summary of the Proceedings . . . . . . . . . . . . . 1

     A.   Plea Agreement . . . . . . . . . . . . . . . . 3

     B.   Sentencing . . . . . . . . . . . . . . . . . . 6

II.  Summary of Luera's Claims . . . . . . . . . . . . 7

III. No Evidentiary Hearing Required . . . . . . . . . . 8

IV.  Counsel's Performance Not Ineffective Under
     Strickland Standard . . . . . . . . . . . . . . . 11

     A.   Oyama Advised Luera of Rights and
          Consequences of Plea . . . . . . . . . . . . 12

     B.   Oyama's Failure to Object to Obstruction of
          Justice Enhancement Not Deficient Performance . . . 13

     C.   Green's Failure to File an Appeal Is Not
          Deficient Performance . . . . . . . . . . . . 15

TABLE OF AUTHORITIES

Cases                                                          Page(s)

Caro v. Woodford, 280 F.3d 1247 (9th Cir.),
     cert. denied, 536 U.S. 951 (2002) . . . . . . . . . . 15

Chua Han Mow v. United States, 730 F.2d 1308, (9th Cir.),
     cert. denied, 470 U.S. 1031 (1985) . . . . . . . . . . 12

Roe v. Flores-Ortega, 528 U.S. 470 (2000) . . . . . . . . 15, 17

Schriro v. Landrigan, 127 S. Ct. 1933 (2007) . . . . . . . 10

Strickland v. Washington, 466 U.S. 668 (1984) . . . . . . 12, 15

United States v. Avila, 905 F.2d 295 (9th Cir. 1990) . . . . 15

United States v. Booker, 543 U.S. 220 (2005) . . . . . . 11, 14

United States v. Johnson, 988 F.2d 941 (9th Cir. 1993) . . . . 9

United States v. Leonti, 326 F.3d 1111 (9th Cir. 2003) . . . . 9

United States v. Luera, Cr. No. 05-00105 JMS . . . . . . . . 1

United States v. Quan, 789 F.2d 711 (9th Cir.),
     cert. dismissed, 478 U.S. 1033 (1986) . . . . . . . . . 13

United States v. Rivera-Ramirez, 715 F.2d 453 (9th Cir. 1983),
     cert. denied, 467 U.S. 1215 (1984) . . . . . . . . . . 12

United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005) 10

United States v. Schaflander, 743 F.2d 714 (9th Cir. 1984),
     cert. denied, 470 U.S. 1058 (1985) . . . . . . . . . . . 8

Statutes

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(b)(1)(A) . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2255 . . . . . . . . . . . . . . . . . . . 1, 8-9

GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT MANUEL OMAR LUERA'S MOTION
PURSUANT TO 28 U.S.C. § 2255 TO VACATE CONVICTION

The United States of America ("United States") herein
opposes the 2255 Petition filed by Defendant Manuel Omar Luera
("Luera") on the grounds that there is insufficient evidence upon
which to set aside his conviction.

I.    **Summary of the Proceedings**

Luera was charged by Criminal Complaint on January 3,
2005, with distribution of more than 500 grams of methamphetamine
in violation of 21 U.S.C. §§ 841(b)(1)(A) and 841(a)(1).  (CR 1)
Attorney Michael Green was retained to represent Luera and
entered an appearance at his initial appearance and motion to
detain.  Luera was released on a $100,000 bond secured by $25,000
cash and subject to certain bail conditions on or about
January 7, 2005.  (CR 9 and 10)  After his arrest, Luera agreed
to cooperate with the government and a waiver of preliminary
hearing and stipulation extending the time for the government to
indict him was filed on January 7, 2005.  (CR 7 and 8)

On or about March 9, 2005, Luera violated his
conditions of release by leaving the island of Oahu without
notifying Pretrial Services of his whereabouts.  Although a
pretrial condition was that he have no contact with his brother,
a defendant in a related but separate criminal matter, United
States v. Renne Luera, Cr. No. 05-00105 JMS, he contacted his

1

brother and convinced him to violate his terms of release.  Renne Luera had been released to Mahoney Hale in connection with his criminal case.  On March 9, 2005, Renne Luera was given permission to leave Mahoney Hale to seek employment.  The next day, Pretrial Services was informed that Renne Luera never returned to Mahoney Hale.  It was subsequently determined that Luera and his brother left the island.  They remained at large until their capture by the U.S. Marshals Fugitive Task Force in San Diego, California.  [See paragraphs 24 and 25 to Presentence Investigation Report ("PSI") submitted under seal under separate cover.]

On March 17, 2005, a federal grand jury returned a two-count Indictment against the defendant for conspiracy and attempt to distribute 500 grams or more of methamphetamine.  (A true and correct copy of the Indictment is attached hereto and incorporated herein by reference as Exhibit "A.")  An arrest warrant was issued.  (CR 16)

On or about May 18, 2005, Luera was captured in San Diego, California along with his brother.  (PSI ¶ 26)  Upon his return to the District of Hawaii, the Court determined that he had violated several conditions of his pretrial release and the cash bond of $25,000 that he posted was forfeited.  (PSI ¶ 5)  On July 22, 2005, Michael Green withdrew as counsel and Randall Oyama substituted in as retained counsel.  (A true and correct

2

copy of the Order of Withdrawal and Substitution is attached hereto and incorporated herein by reference as Exhibit "B.")

### A.    **Plea Agreement**

On September 7, 2005, Luera entered a guilty plea to Count 1 of the Indictment pursuant to a written plea agreement before Magistrate Judge Kevin S.C. Chang.  (A true and correct copy of the plea agreement is attached hereto as Exhibit "C.") During the Rule 11 proceeding, Luera was placed under oath and acknowledged that he felt well and alert and understood what was going on that day.  (A true and correct copy of the Rule 11 transcript is attached hereto as Exhibit "D;" page 3.)  Luera also told the magistrate that he read the plea agreement, acknowledged that he signed it and understood its terms, and asserted that he had discussed the plea agreement with counsel prior to its execution.  (See Exhibit "D," pages 5-6.)  Luera stated that he was fully satisfied with his counsel's representation.  (See Exhibit "D," page 5.)  Luera averred that he had not received any promise or assurance leading him to enter a guilty plea.  He also averred that no one had forced, threatened or pressured him to plead guilty.  (Id. at page 6.) Both the magistrate and the prosecutor detailed the minimum and maximum penalties which attached to Count 1 of the Indictment, the charge to which Luera was entering his guilty plea.  (Id. at pages 7, 10-11.)  The waiver of appeals provision was also

covered in detail by both the magistrate and prosecutor.  (Id. at pages 7-8, 10.)  Under the terms of the appeal waiver, Luera was waiving all rights to appeal his sentence except in two circumstances:  Luera could appeal if the Court sentenced him above the advisory guidelines and he could appeal if he had a claim that his attorney was ineffective in representing him. (Id. at pages 7-8.)  In response to both discussions, Luera acknowledged that he understood these provisions.  (Id. at pages 9-11.)  The prosecutor also made a proffer of the essential elements of the conspiracy count and recited the evidence which the government would offer if the case went to trial.  (Id. at pages 18-21.)  Luera admitted that the proffer concerning his conduct was true.  (Id. at page 21.)  Luera also explained his wrongful conduct in his own words.  (Id. at pages 17-18.)  The magistrate directed him to paragraph 8 of the plea agreement which contained a detailed statement of facts.  Luera told the magistrate that all the facts in paragraph 8 were true in every respect.  (Id. at page 17.)

        The evidence against Luera was substantial.  According to the prosecution's proffer, a cooperating defendant ("CD") was arrested by the Drug Enforcement Administration in December 2004. The CD provided law enforcement officers information that the CD's source of supply was Luera, who had provided the CD multi-pound quantities of methamphetamine for the past (at least) six

months prior to the CD's arrest.  (Id. at page 19.)  According to
the CD, the modus operandi for the conspiracy was for Luera to
contact his source of supply ("SOS") in San Diego, provide the
SOS with a contact name and address from the CD.  The SOS would
then have a FedEx parcel containing methamphetamine sent to the
address.  Luera would text message the parcel tracking number to
the CD.  After the drugs were received, Luera would travel from
his home in Maui to Oahu and receive payment for the drugs from
the CD.  Under the DEA's direction, the CD ordered
methamphetamine from Luera in recorded conversations.  Luera text
messaged a FedEx tracking number to the CD for a parcel
containing the ordered drugs.  The parcel was intercepted by
agents and found to contain almost two kilograms of
methamphetamine of very high purity.  Luera was arrested when he
traveled to Oahu to meet with the CD for payment.  Luera also
gave a post-arrest confession admitting to his role in the
conspiracy.  (Id. at pages 18-21.)

        Magistrate Chang issued a Report and Recommendation
concerning Luera's guilty plea on September 7, 2005.  (CR 35)
Judge Ezra accepted the guilty plea on September 27, 2005.  (CR
36)  On March 24, 2006, Luera filed a sentencing statement.  On
April 13, 2006, Luera also filed a motion for downward departure.
(True and correct copies of Luera's sentencing statement and
motion are filed under separate cover under seal.)  On April 24,

2006, Randall Oyama filed a withdrawal of counsel and Michael Green, Luera's first attorney, was substituted in as counsel. (A true and correct copy of the withdrawal and substitution is attached hereto as Exhibit "E.") On April 24, 2006, Green also filed a Sentencing Memorandum withdrawing the motion for downward departure. (A true and correct copy of this Sentencing Memorandum is submitted under separate cover under seal.)

On April 26, 2006, the government filed an opposition to Luera's sentencing statement. (A true and correct copy of the government's opposition is filed under separate cover under seal.)

### B.   Sentencing

On April 28, 2006, the parties appeared for sentencing. Michael Green appeared on behalf of Luera and orally confirmed that defendant's motion for downward departure was withdrawn. (See page 2, Transcript of Sentencing Proceeding, a true and correct copy of which is attached hereto and incorporated herein by reference as Exhibit "F.") Adopting the findings of the Probation Office, the Court found that Luera's total offense level was 37 and his criminal history category was II. This resulted in an advisory guideline range of 235 to 293 months. (See PSI, ¶¶ 43 and 48; Exhibit "F," page 7.)

Luera received a two level enhancement for "obstruction of justice" pursuant to Sentencing Guideline Section 3C1.1

because he threatened, intimidated or otherwise unlawfully influenced a co-defendant or witness. (PSI ¶ 37) After Luera violated his pre-trial conditions of release, he contacted the CD on at least six different occasions and told the CD that he had fled from Hawaii. Luera also told the CD he knew the CD had set him up and told the CD he should flee Hawaii to avoid prison. He also told the CD that the Mexicans knew where he lived and would "get him." Luera told the CD to flee Hawaii and offered assistance in exchange for money. Luera also offered to arrange for the CD to obtain fraudulent identification documents to assist in his fleeing the country. (PSI ¶ 25)

The Court noted that when Luera was first arrested, he did provide worthwhile assistance to the government, resulting in a prosecution. (Exhibit "F," page 19.) However, after that he made a mistake by absconding and then compounded the mistake by assisting others in absconding. (Id. at pages 19-20.) When the marshals finally found him, he again tried to flee. Id. The Court gave him some credit for what he did because it was of some use to the government. Rather than sentencing him at the high end, the Court imposed a sentence of 240 months, which was at the low end of the advisory guidelines. (Exhibit "F," pages 21-22.)

II.  **Summary of Luera's Claims**

Luera claims that his counsel was ineffective in representing him in various respects:

7

(A)  he asked counsel to file an appeal, but counsel failed to do so and did not tell Luera why he did not file an appeal (paragraph 11B of petition);

(B)  he told counsel to object to the two point obstruction of justice enhancement but counsel failed to do so (paragraph 11C of petition); and

(C)  he entered the plea without understanding the consequences of the plea and counsel never explained what rights he was giving up by pleading guilty (paragraph 11D of petition).

As set forth in the Summary of Proceedings, Randall Oyama represented Luera in connection with the Rule 11 proceedings.  Oyama also counseled Luera regarding the PSI and filed a motion for downward departure on his behalf.  Michael Green represented Luera at the sentencing and argued for a downward departure based upon his cooperation and other 3553(e) factors.

## III. <u>No Evidentiary Hearing Required</u>

A court should only hold an evidentiary hearing on a § 2255 petition "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." Defendant can only meet this standard after having made "specific factual allegations that, if true, state a claim on which relief could be granted." <u>United States v. Schaflander</u>, 743 F.2d 714, 717 (9th Cir. 1984), <u>cert. denied</u>, 470 U.S. 1058 (1985).

8

Conclusory statements in a § 2255 motion are insufficient to require a hearing.  <u>United States v. Johnson</u>, 988 F.2d 941, 945 (9th Cir. 1993).  If the defendant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal, no evidentiary hearing is required.  <u>United States v. Leonti</u>, 326 F.3d 1111, 1116 (9th Cir. 2003).

In this case, Defendant has alleged that counsel was ineffective in representing him because his plea was not voluntary and was made without an understanding of its consequences or the charges against him.  These are conclusory statements and are belied by the record of both the Rule 11 proceedings and the clear language of the Memorandum of Plea Agreement.  (Exhibits "C" and "D.")  In addition, the Declaration of Randall Oyama[1] avers under penalty of perjury that he met with Luera on more than one occasion, discussed the case and his possible options, and went over every term of the plea agreement, which includes a section which discusses Luera's rights and the waiver of those rights upon entry of a guilty plea.  (Exhibit "C," paragraphs 12-16.)

The transcript of the Rule 11 proceeding before Magistrate Judge Kevin S.C. Chang also belies the claim that Luera was not aware of the consequences of the plea.  Not only

---

[1]  Oyama's Declaration is filed separately.

9

did the prosecution summarize the fact that the plea agreement contained provisions in which Luera agreed to waive certain rights, but the magistrate also detailed the waiver of these rights, including the right to jury trial, right against self-incrimination, etc.  (See Exhibit "D," pages 9, 13-14.)  Luera acknowledged under oath that he understood these rights but still wanted to enter a guilty plea.  (Id. at pages 14-15.)

     Defendant also states that he asked his attorney to file an appeal, but his attorney failed to file it.  In a declaration filed separately on June 1, 2007, Michael Green avers that he never discussed an appeal with Luera and was never asked to appeal his sentence, nor was he ever hired to prosecute an appeal by Luera.  (A true and correct copy of Green's declaration is attached hereto and incorporated herein by reference as Exhibit "G," see paragraph 7.)  Accordingly, Luera's claims regarding the filing of an appeal are also disputed by counsel.[2]

-------

[2]  The government acknowledges that the Ninth Circuit has held that where a movant, even one who has waived his right to appeal, files a habeas motion after sentencing claiming he ordered his attorney to file a notice of appeal and the attorney did not do so, the district court must hold an evidentiary hearing to determine if the charge is true or allow the movant to appeal.  United States v. Sandoval-Lopez, 409 F.3d 1193, 1198 (9th Cir. 2005).  This Court has set a hearing on Luera's petition for July 2, 2007.  The government submits that the hearing should be limited to the question of whether Luera asked Green to file an appeal and that Luera should appear by video conference.  But see, Schriro v. Landrigan, 127 S. Ct. 1933 (2007) (if record refutes petitioner's factual allegations, court not required to hold evidentiary hearing).

Defendant also states that counsel failed to object to the two level obstruction enhancement and that he asked counsel to file such an objection.  In his Declaration, Randall Oyama avers that although Luera initially wanted to fight the obstruction of justice enhancement, after investigating  Luera's claims about the issue, he concluded that Luera was risking an adverse credibility determination and the better strategy was to file a Booker[3] request for downward departure or variance. Ultimately, Luera agreed to follow Oyama's advice on this point and as a result, no objection was filed; instead a motion for downward departure was filed.  (See Declaration of Randall Oyama, paragraph 6.)  Based upon this record which includes the declaration of counsel, the plea agreement, and the transcript of the Rule 11 proceeding, the government submits that Luera's claims are patently frivolous and unsupported.  Accordingly, the Court need not hold an evidentiary hearing, except to make a factual finding as to whether Luera asked Green to file an appeal.

## IV.  Counsel's Performance Not Ineffective Under Strickland Standard

To demonstrate that counsel was ineffective, Luera must show that:  (1) counsel's performance was objectively deficient; and (2) that the deficient performance prejudiced his defense.

---

[3]    United States v. Booker, 543 U.S. 220 (2005).

11

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Counsel is
"presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional
judgment."  <u>Id.</u> at 690.  Even if counsel's performance was
deficient, the petitioner "must show that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different."  <u>Id.</u> at 694.

### A.    Oyama Advised Luera of Rights and Consequences of Plea

Luera claims that he did not understand the
consequences of his plea and that counsel never explained the
rights which he was giving up.  Counsel disputes this claim.
(See Declaration of Randall Oyama, paragraphs 3-4.)  Counsel's
assertions are supported by the record in this case, including
the plea agreement which contains clear language about Luera's
rights, his waiver of those rights, as well as the transcript of
the Rule 11 proceeding.  In that proceeding, the Magistrate
specifically went over the rights which Luera had, including the
right to a jury trial, the right to call witnesses, the right to
cross-examination, right against self-incrimination, the
presumption of innocence and the right to a unanimous jury.
(Exhibit "D," pages 13-14.)  Luera stated under oath[4] that he

---

[4]  The Ninth Circuit has held that defendant's statements at
a plea hearing carry a strong presumption of verity.  <u>United
States v. Rivera-Ramirez</u>, 715 F.2d 453, 458 (9th Cir. 1983),
<u>cert. denied</u>, 467 U.S. 1215 (1984); <u>Chua Han Mow v. United</u>

understood those rights and that he would be waiving those rights by entering his guilty plea. Id. at pages 14-15. Luera's assertions are unsupported and counsel was not ineffective because counsel advised Luera of his rights and the waiver of those rights. Luera admitted that he understood them and understood the consequences of his plea. United States v. Quan, 789 F.2d 711, 715 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986) (allegations of prisoner need not be accepted as true to extent they are contradicted by record of the case).

**B.  Oyama's Failure to Object to Obstruction of
      Justice Enhancement Not Deficient Performance**

As set forth in his Declaration, Oyama had discussions with Luera about the obstruction of justice enhancement. Luera wanted counsel to object to the enhancement, alleging that the DEA agent told him it was okay for him to remain on the mainland and not return to Hawaii and not to self-surrender. Luera told Oyama to investigate his assertions by talking to Agent Picciano who would confirm these statements. According to his declaration, Oyama contacted Agent Picciano, who denied ever telling Luera it was okay to flee the jurisdiction and denied telling Luera he did not have to self-surrender. Based upon common sense and the statement of the agent, Oyama concluded that Luera's assertions were not credible. Oyama also realized that

States, 730 F.2d 1308, 1311 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985).

13

in filing an objection to the obstruction enhancement, the Court would have to make a credibility determination to resolve the factual dispute.  This might require Luera to take the stand and testify in contradiction to Agent Picciano.  If the Court found that Luera lied, he would not receive a more lenient sentence and false testimony might subject Luera to a more severe sentence. In Oyama's opinion, this risk was not worth taking.  The better approach was to ask the Court to consider Luera's initial cooperation as a <u>Booker</u> factor which the court could take into account under the Section 3553(a) factors.  (See Declaration of Randall Oyama, paragraph 6.)

There is no dispute that Luera fled the jurisdiction in violation of his pretrial conditions.  (PSI ¶ 5)  Luera also admitted to having contacted his brother, which was another pretrial violation.  (PSI ¶ 5)  That contact resulted in his brother's absconding from the District of Hawaii with Luera. There was also no dispute that Luera contacted the cooperating defendant on many occasions, threatening him and encouraging him to leave Hawaii.  (PSI ¶ 25)  Under these circumstances, the two level enhancement for obstruction of justice was warranted.  (PSI ¶ 37)  See Sentencing Guidelines Section 3C1.1 and application note 4(a) and 4(e).  Oyama's decision not to file an objection to the enhancement was reasonable and supported in law.  Oyama's concern about the risk of an adverse credibility finding based

upon Luera's testimony about conversations with Agent Picciano
was well founded.  (See Sentencing Guideline Section 3C1.1,
Application Note 4(f) which lists an example of types of conduct
for obstruction enhancement, "providing materially false
information to a judge.")  Luera cannot demonstrate that Oyama's
conduct fell below an objective standard of reasonableness.
Strickland, supra, at 687-688.

        Moreover, even if such conduct was unreasonable, Luera
must show "a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have
been different."  Caro v. Woodford, 280 F.3d 1247, 1256 (9th
Cir.), cert. denied, 536 U.S. 951 (2002).  In this case, even had
Oyama filed an objection, it would have been overruled since
there was overwhelming evidence that the obstruction enhancement
was applicable.  Once there are sufficient facts to constitute
obstruction of justice, the enhancement is mandatory.  United
States v. Avila, 905 F.2d 295, 297 (9th Cir. 1990) (obstruction
of justice enhancement mandatory where defendant absconded from
supervised release and remained fugitive for 5 months).

        **C.   Green's Failure to File an Appeal Is Not
             Deficient Performance**

        In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the
United States Supreme Court held that where the defendant
"neither instructs counsel to file an appeal nor asks that an
appeal not be taken," a court must ask whether counsel consulted

                               15

with the defendant about an appeal, meaning to advise the
defendant about the advantages and disadvantages of an appeal and
making a "reasonable effort to discover the defendant's wishes."
Id. at 478.  If counsel did not consult with the defendant, the
court must determine if the failure to consult with the defendant
constitutes deficient performance.  "Counsel has a
constitutionally imposed duty to consult with the defendant about
an appeal where there is reason to think either (1) that a
rational defendant would want to appeal (for example, because
there are nonfrivolous grounds for appeal), or (2) that this
particular defendant reasonably demonstrated to counsel that he
was interested in appealing."  Id. at 480.  A highly relevant
factor is whether the conviction follows a trial or guilty plea,
and whether the defendant waived his appellate rights.  Id.
Luera claims that he told counsel to file an appeal.  (See page 5
of petition, paragraph 11b.)  Counsel Michael Green denies this
claim in no uncertain terms.  (See Exhibit "G," paragraph 7.)
Green avers that he never discussed an appeal with Luera and he
had not been asked to appeal nor was he hired to prosecute an
appeal.  Id.

        Here, there was an express appellate waiver in Luera's
plea agreement.  Under that provision, there were only two
circumstances in which Luera could appeal.  One was if the Court
sentenced Luera above the advisory guidelines.  Luera was

16

sentenced within the very low end of those guidelines.  The only
other basis would be an ineffective assistance of counsel claim.
Here, where the parties did not discuss an appeal, Green's
conduct would only be deemed ineffective if it was reasonable to
believe that there was a non-frivolous ground to appeal the
sentence or that the defendant demonstrated a desire to appeal.
See Flores-Ortega, supra, at 480.  First, Green was not
ineffective and it was not reasonable to think that he and Luera
would discuss his ineffectiveness as grounds for an appeal.  (See
Exhibit "G," paragraph 7.)  Luera could not have believed Green
was ineffective as he retained Green a second time just before
his sentencing, based upon his confidence in Green's
representation of him.  Secondly, Green was retained.  If Luera
wished him to prosecute an appeal, Luera would have had to hire
him to do so.  Green was never retained to prosecute an appeal
and was never asked to file an appeal.  Id.  Under these
circumstances, Green's conduct in not discussing an appeal was
reasonable under the circumstances.

        In the Roe, supra, case, the Supreme Court noted that a
highly relevant factor in determining whether defendant
reasonably demonstrated to counsel an interest in appealing is if
the conviction followed a guilty plea because:  (1) the plea
reduces the scope of potentially appealable issues; and (2) a
plea indicates the defendant seeks an end to judicial

proceedings.  Id.  Based upon Luera's appeal waiver, there was only one circumstance in which Luera could file an appeal – if he had a claim that Green was ineffective.  Given the facts in this case, such a claim would have been frivolous.  In any event, it would be unreasonable to expect Green to discuss this issue with Luera.

WHEREFORE, for all of the foregoing, the United States requests that Luera's petition be dismissed.

DATED:  June 11, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Beverly Wee Sameshima
  BEVERLY WEE SAMESHIMA
  Assistant U.S. Attorney

18

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

    Randall Oyama, Esq.     randyoyama@gmail.com

Served by First Class Mail:

    Michael Green, Esq.
    345 Queen Street, 2nd Floor
    Honolulu, HI   96813

    Manuel Omar Luera
    Immate No. 91889-022
    Federal Correctional Institution
    P.O. Box 3007
    Terminal Island, CA   90731

    DATED:  June 11, 2007, at Honolulu, Hawaii.


    /s/ Dawn M. Aihara