IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| MANUEL OMAR LUERA, | ) ) | CV. NO. 07-00234 DAE-KSC<br>CR. NO. 05-00104 DAE |
| Petitioner-Defendant, | ) ) |  |
| vs. | ) ) | ORDER DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL |
| UNITED STATES OF AMERICA, | ) ) |  |
| Respondent-Plaintiff. | ) ) |  |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is Petitioner's motion for appointment of counsel in this 28 U.S.C. § 2255 petition. In support of his motion, Petitioner alleges that (1) he is unfamiliar with this type of proceeding; (2) due to his incarceration he cannot contact or interview witnesses to support his claims; and (3) his resources to obtain evidence is limited. Petitioner also asserts that appointment of counsel would benefit both him and the court by ensuring that this petition proceeds in a timely manner.

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional right to counsel, however, for a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The right to counsel "extends to the first appeal of right, and no further." *Id.* Although appointment of counsel is not constitutionally guaranteed after completion of a direct appeal of a conviction, the decision of whether to appoint counsel for such matters is within the discretion of the district

court.  *See United States v. Harrington*, 410 F.3d 598, 599 (9th Cir. 2005).

Rule 8© of the Rules Governing Section 2255 Proceedings provides that the Court *must* appoint counsel to represent a defendant who qualifies for appointed counsel under 18 U.S.C. § 3006A if an evidentiary hearing is warranted.  Under the Rule, the Court *may* appoint counsel for a qualifying defendant at any other stage of a § 2255 proceeding.  Furthermore, 18 U.S.C. § 3006A itself provides that the Court may appoint counsel for a qualifying defendant seeking relief under § 2255 if it determines "that the interests of justice so require."  *See* 18 U.S.C. § 3006A(a)(2)(B).

The district court has ordered an evidentiary hearing in this matter based on Petitioner's allegations of ineffective assistance of counsel based on counsel's alleged refusal to file a notice of appeal.  *See United States v. Sandoval-Lopez*, 409 F.3d 1993, 1196-98 (9th Cir. 2005) (requiring an evidentiary hearing when § 2255 petition alleges that defense counsel failed to file an appeal despite defendant's request to do so).  This does not end the inquiry and mandate the appointment of counsel in Petitioner's case, however.

The court has read the government's response to the Petition.  It is clear that the evidentiary hearing will be limited to the issue of whether Petitioner did, in fact, request his attorney to file an appeal.  This will be a credibility determination for the district court to undertake and does not

present such complex or extraordinary questions that the appointment of counsel is required in the interests of justice. Accordingly, Petitioner's Motion for Appointment of Counsel is denied.

        IT IS SO ORDERED.

        Dated:  Honolulu, Hawaii, July 13, 2007.



                              Kevin S.C. Chang
                              United States Magistrate Judge

LUERA v. UNITED STATES, Cv. No. 07-00234 DAE-KSC; Cr. No. 05-00104 DAE; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; dmp/ Appointcoun 07/Luera(07-234 2255)