IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,
        Plaintiff,

Vs.                              Cv.No.07-00234 DAE-KSC
                                 Cr.No.05-00104 DAE

MANUEL OMAR LUERA,
        Defendant.


**REPLY TO THE GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO DEFENDANT MANUEL OMAR LUERA'S MOTION
PURSUANT TO 28 USC§ 2255 TO VACATE
OR CORRECT SENTENCE.**

---

    Comes now Manuel Omar Luera, Pro Se as his own attorney on behalf of himself sui juris, with his reply to the government's memorandum in opposition to defendant's motion filed under 28 USC § 2255.

    Manuel Omar Luera/Defendant will again inform this Honorable Court that he is not educated in the law or these types of proceedings and asks this Honorable Court not to hold him to the same standard as expected of an attorney and to give his petition liberal reading. See <u>Haines Vs Kerner</u>, 404 U.S. 519, 30 L.Ed 2nd 652, 92 S.Ct. 594 (1972).

    When Manuel Omar Luera/Defendant initially filed his petition under 28 USC § 2255, he had no records pertaining to his case. Therefore, he had to rely on his memory as to the proceedings in his case to the best of his knowledge. To avoid this Honorable

1

Court from having to address frivolous issues in this petition filed under 28 USC § 2255. Manuel Omar Luera/Defendant will ask this Honorable Court not to address these two issues:

1. That counsel was ineffective for not objecting to the two level enhancement for the obstruction of justice enhancement.
2. That the plea was entered without the understanding of the consequences of the plea.

The issues that Manuel Omar Luera/Defendant will asks this court to address are those which he believe to have merit.

The sixth amendment guarntees the right to counsel in a criminal trial, which includes the right to effective assistance of counsel. This right extends to all critical stages of the criminal process, including sentencing. See <u>Iowa Vs. Tovar</u>, 541 U.S. 77,80, 158 L.Ed 2nd 209, 124 S. Ct. 1379 (2004); citing <u>Maine Vs. Moulton</u>, 474 U.S. 159,170, 88 L.Ed 2nd 481, 106 S.Ct.477 (1985); <u>United States Vs. Wade</u>, 388 U.S. 218,224, 18 L.Ed 2nd 1149, 87 S.Ct. 1926(1967).

Attorney Michel Jay Green did not provide effective assistance when he fail to properly review the presentencing report with Manuel Omar Luera/Defendant or go over the criminal history with Manuel Omar Luera. Had he done this Mr. Green would of seen that Manuel Omar Luera had been scored one criminal history point for the conviction of petty theft in ¶46 in which he was not represented by an attorney nor gave up the right to be represented by an attorney. All uncounsel misdermeanor senteces of imprisonment are excluded from criminal history computations under sentencing guideline including those imposed after revocation

2

of defendant's probation. See <u>United States Vs. Lee</u>, 995 F.2d 887 (9th cir. 1993); <u>United States Vs. Brady</u>, 928 F.2d 844,853-54 (9th cir. 1991); <u>United States Vs. Stapleton</u>, 316 F.3d 754,756 (8th cir. 2003); <u>United State Vs. Ortega</u>, 94 F.3d 764,770-71 (2nd cir 1996); <u>United States Vs. Gray</u>, 177 F.3d 86,89 (1st cir. 1999); <u>United States Vs. Cirrillo-Davilla</u>, 124 F.Supp 2nd 1140,1144 (D. Neb. 2001); <u>United States Vs. Crawley</u>, 213 F.Supp 2nd 1250,1259 (D. Kan. 2002); and U.S.S.G. 4A1.2(c).

The presentencing report is void as to there being an attorney who represented Manuel Omar Luera/Defendant or that counsel representation was waived by Manuel Omar Luera/Defendant as to the conviction for the petty theft in ¶46.

In ¶45 of the presentencing report it states that, "The following Convictions were verified by federal and state law enforcement agencies and court records unless otherwise indicated. The defendant was represented by counsel or legally waived his right to counsel unless otherwise indicated." However, at the end of ¶46 of the presentencing report it states that, "Reports regarding the incident have been requested and not yet received." There is nothing in ¶46 of the presentencing report or in the government's reply that would indicate that Manuel Omar Luera/Defendant was represented by an attorney or that he waived the right. The only information contained in ¶46 of the presentencing report is, that no reports regarding the incident had been received when Manuel Omar Luera/Defendant was scored one criminal history point for the conviction of petty theft.

According to the presentencing report in ¶46 the case

3

was dismissed on October 11,2001, this also should have prompt Mr. Green to investigate if this uncounseled conviction which was ultimatly dismissed, could be used to score Manuel Omar Luera/Defendant with any criminal histoy points. Mr. Green failed to provide effective assistance through a very critical phase of the criminal proceeding, by not thoroughly reviewing the presentencing report with Manuel Omar Luera/Defendant, thoroughly investigating the presentencing report, and by not objecting to the criminal history before or at the sentencing hearing.

To support that Mr Green did not thoroughly review the presentencing report with Manuel Omar Luera/Defendant or that he thoroughly reviewed the presenting report before sentencing. Manuel Omar Luera/Defendant will asks this Honorable Court to review Mr. Green's declartion at ¶9, which was submitted with the government's memorandum in oposition to defendant Manuel Omar Luera's motion pursuant to 28 USC § 2255 to vacate or correct sentence, where Mr. Green states, "It was not my responsibility to object to the proposed pre-sentencing report and any sentencing enhancements recommended by the probation department. I assumed the defendant and his attorney reviewed and discussed the proposed pre-sentencing report." It's only logical that Manuel Omar Luera/Defendant rehired Mr. Green to represent him at the sentencing phase of his criminal proceedings for the reason that, he was dissatisfied with his prior counsel Mr. Oyama's performance.

Mr. Green had an obligation to fully represent Manuel Omar Luera/Defendant , which would have included to inquire if the presentencing report was accurate or if prior counsel had gone over the presentencing report with Manuel Omar Luera/Defendant,

4

which he never did. According to Mr. Green's statement that he made in his declaration he assumed that prior counsel and Manuel Omar Luera/Defendant had reviewed the presentencing report. Because of this Manuel Omar Luera/Defendant was scored one criminal history point for an uncounseled conviction.

Mr. Green could have also asked this Honorable Court to depart downward on the basis of post offense rehabilitation. Rehabilitation was an issue at sentencing in the form that the government did not know if Manuel Omar Luera was capable of rehabilitation or if there was any hope of rehabilitation. See sentencing transcript, pp. 11, 19.

Mr. Green knew that while Manuel Omar Luera/Defendant was out on bail Manuel Omar Luera/Defendant was enrolled in several college courses. See sentencing transcript, p. 12. While Manuel Omar Luera/Defendant was in custody prior to his sentencing hearing he successfully completed an Adult Continuing Education Program (A.C.E.) Fitness Class on August 18, 2005, then on December 7, 2005 he completed an Active Parenting of Teens Adult Continuing Education Program. See Exhibit A.

Mr. Green had this information available and he should have presented it to this Honorable Court especially when the government stated to the Court that they did not know if Manuel Omar Luera/Defendant was capable to rehabilitation. If Mr. Green would have presented this matter to the Court, the Court would have been enabled to consider this as a basis for departing downward under § 3553 or § 5K2.19.

This Honorable Court did not share the same feelings as the government who wanted this Honorable Court to sentence Manuel

5

Omar Luera/Defendant to the highest range in category II. Instead this Honorable Court senteced him closer to the low end in category II. If Mr. Green would of objected to the one point that Manuel Omar Luera/Defendant received for the uncounseled conviction of petty theft in ¶46 of the presentencing report, his criminal history score would of been category I and his sentencing range would of been from 210-262 months and not 235-293 months.

If Mr.Green would of properly reviewed and investigated Manuel Omar Luera's/Defendant's criminal history and presented information that Mr Green was aware of, he would of been able to show that Manuel Omar Luera's/Defendant's criminal history score was wrong and that he was not only capable of rehabilitation, but was already in the course of rehabilitating himself. Mr Green could have asks this court to depart on its own motion or if Manuel Omar Luera/Defendant would of been sentenced in the right criminal history category. Mr Green could of asked this court for additional benefits that Manuel Omar Luera/Defndant could of been entitle too.

Under rule 32 of the Federal Rules of Criminal Procedure Manuel Omar Luera/Defendant has a right to have an accurate presentecing report, that right does not stop with the sentence or judgment. Since the information contained in the presentecing report will follow him for the next 240 months of his inprisonment the information contained in the presentecing report must be accurate. The Bureau of Prison is now relying on inaccurate information in calculating his classification score, which is and will continue to effect, where he may be incarcerated, what types of rehabilitation programs he can participate in. Due process does guarantee a convicted criminal defendant the right

6

not to have his sentence based upon "materially false" information. See Towmsend Vs. Burke, 334 U.S. 736,741, 68 S.Ct. 1252,1255, 92 L.Ed 1690.

Mr. Green was ineffective when he failed to file a notice of appeal on behalf of defendant Luera after Mr. Green was requested to so do. In Mr. Green's declaration he states that he was never asked to file an appeal. However, that was not the case as Mr. Green was advised of Mr. Luera's desire to appeal his sentence by Kisha Macie Kawakami. In fact, Ms. Kawakami called Mr. Green thrice within the relevant period and within the time allotted to file a notice of appeal and advising Mr. Green that Mr. Luera wished to have a notice of appeal filed on his behalf. Exhibit B attached hereto attests to the fact that Ms. Kawakami called Mr. Green during the said period.

WHEREFOR, defendant Luera urges the Court to grant the § 2255 motion and vacate his sentence.

Respectfully submitted,

MANUEL OMAR LUERA

DATED: October 1, 2007.

CERTIFICATE OF SERVICE

The undersigned, Manuel Omar Luera, hereby certifies that he has this day forwarded, through postage prepared United States mail, a copy of the attached reply to the government's opposition to his motion to vacate sentence to the following:

```
EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
```

_____
Manuel Omar Luera

DATED: October 1, 2007

EXHIBIT-A



Certificate of Achievement presented to Manuel Luera For Successful Completion of the A.C.E. Fitness Class August 18, 2005 for Unit F4 at FDC Honolulu. S. Lape, Sports Specialist 9/12/05



# CERTIFICATE OF RECOGNITION

In honor of your outstanding performance
We hereby present

## Manuel Luera

with this certificate of Achievement

### Active Parenting of Teens
Adult Continuing Education Program
On this 7th day of December 2005

_____
Patricia Ocasio
Supervisor of Education/Recreation

_____
Sheryl-Lynn Cornello
Adult Continuing Education Coordinator

EXHIBIT-B

August 14, 2007

To Whom It May Concern:

I, Kisha Marie Kawakami spoke to Manuel Luera's attorney Michael Jay Green on several occasions regarding Manuel's desire to peruse an appeal. The details of the conversations described below are true and exact in nature.

The first conversation I had with Mr. Green about this matter was immediately after Manuel's sentencing outside of the courthouse in Honolulu on April 28, 2006. I walked with Mr. Green back to his office and he stated to me that we should in fact consider an appeal. Mr. Green also indicated to me at this time that as a result of Manuel's guilty plea, the only option for appeal would be to claim misrepresentation and he would not be limited to filing within the normal 10 day time frame. Mr. Green reassured me that he would go to speak with Manuel in person at the Federal Detention Center in Honolulu, HI later that afternoon.

I visited with Manuel in person at the FDC Honolulu at which time he told me that he had told Mr. Green he would like to peruse an appeal. Manuel also instructed me to follow up with Mr. Green by telephone the next business day to reiterate his intention for appeal and to once again ask about any restrictions to the time in which he would have to file.

On Manuel's request I contacted Mr. Green on the morning of May 1, 2006 via my office phone and left a message with his assistant Angie. Later on that morning Mr. Green contacted me back indicating that he had visited with Manuel and that Manuel had indicated that he wanted to peruse his right to appeal. I once again asked Mr. Green directly if Manuel needed to file within 10 days and he responded that there was no need to rush because Manuel situation would not restrict him to this.

Over the next few months I attempted to contact Mr. Green several more times, primarily on my office line and on my cell phone to follow up with him regarding the process, leaving both messages with his assistant Angie or voice messages after hours. After not receiving response from Mr. Green, I attempted to get other assistance from other legal resources.

Sincerely,

*[signature]*

Kisha Marie Kawakami

STATE OF HAWAII
COUNTY OF MAUI

On this ___14th___ day of ___August 2007___, before me personally appeared

, _Kisha Marie Kawakami_

to me known to be the person described in and who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed.

My Commission Expires:

_____
Notary Public, State of Hawaii

NALIA YASSO
My Commission Expires: February 26, 2010
_____
Notary Name

# YELLOWPAGES.COM

## Green Michael Jay Attorney At Law

345 Queen St Fl 2nd
Honolulu, HI 96813 Map

(808) 521-3336



Review This Business!
**Rate it**   Read Reviews

More Options

**GENERAL INFORMATION:**

**ADDITIONAL PHONE NUMBERS**

**Extra Fax**
(808) 566-0347

**Part of the new at&t**

© 2007 YELLOWPAGES.COM LLC. All rights reserved.
© 2007 AT&T Knowledge Ventures. All rights reserved. AT&T, AT&T logo, Cingular and Cingular logos are trademarks of AT&T Knowledge Ventures and/or AT&T affiliated companies.

Some data provided by Amacai and Acxiom.



verizon wireless

Bill date: May 3, 2006
Account number: 465032818-00001
Invoice number: 203848573S

Usage detail continued . . .

In Your Home Area

| | Date | Time | Rate | Minutes | Origination | | Phone number | Destination | Usage type | Call type | Airtime charges | Long distance and other charges | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 886 | 05/01 | 11:52A | P | 1 | Kahului | HI | (808)872-2428 | Incoming | CL | A | Included | | |
| 887 | 05/01 | 11:57A | P | 9 | Kahului | HI | Unavailable | Incoming | CL | A | Included | | |
| 888 | 05/01 | 12:07P | P | 1 | Kahului | HI | (000)000-0086 | Voice Mail | CL | AR | Included | | |
| 889 | 05/01 | 12:12P | P | 7 | Kahului | HI | (808)521-3336 | Incoming | CL | A | Included | | |
| 890 | 05/01 | 12:14P | P | 10 | Kahului | HI | Unavailable | Incoming | CL | AC | Included | | |
| 891 | 05/01 | 12:24P | P | 4 | Kahului | HI | (808)521-3336 | Honolulu | HI | A | Included | .00 | .00 |
| 892 | 05/01 | 02:18P | P | 12 | Kahului | HI | (777)000-0001 | Data | CL | AU | Included | .00 | .00 |
| 893 | 05/01 | 02:32P | P | 6 | Kahului | HI | (808)250-1648 | Incoming | CL | A | Included | .00 | .00 |



# verizon wireless

**Bill date** June 3, 2006
**Account number** 465032818-00001
**Invoice number** 2046310705

Page 6 of 25

## Usage detail 808-281-8099
Kisha Kawakami

### In Your Home Area

| | Date | Time | Rate | Minutes | Origination+ | | Phone number | Destination | | Usage type | Call type | Airtime charges | Long distance and other charges | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 05/04 | 12:53P | P | 1 | Honolulu | HI | (808)872-2429 | Incoming | CL | A | | Included | .00 | .00 |
| 10 | 05/04 | 01:45P | P | 1 | Honolulu | HI | (808)276-8807 | Wailuku | HI | A | | Included | .00 | .00 |
| 11 | 05/04 | 01:54P | P | 3 | Aiea | HI | (808)521-3336 | Honolulu | HI | A | | Included | .00 | .00 |
| 12 | 05/04 | 02:39P | P | 1 | Makawao | HI | (808)872-2430 | Incoming | CL | A | | Included | .00 | .00 |
| 13 | 05/04 | 02:47P | P | 1 | Kahului | HI | (000)000-0086 | Voice Mail | CL | AR | | Included | .00 | .00 |



**verizon**wireless

| Bill date | June 3, 2006 |
|---|---|
| Account number | 465032818-00001 |
| Invoice number | 2046310705 |

Page 8 of 25

## Usage detail continued . . .

### In Your Home Area

| | Date | Time | Rate | Minutes | Origination+ | | Phone number | Destination | | Usage type | Call type | Airtime charges | Long distance and other charges | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | 05/08 | 09:01A | P | 11 | Puunene | HI | (808)521-3336 | Honolulu | HI | A | | Included | .00 | .00 |
| 112 | 05/08 | 09:13A | P | 2 | Kahului | HI | (808)872-2420 | Kahului | HI | A | | Included | .00 | .00 |
| 113 | 05/08 | 09:14A | P | 18 | Kahului | HI | (808)280-3058 | Wailuku | HI | A | | Included | .00 | .00 |
| 114 | 05/08 | 09:37A | P | 1 | Kahului | HI | (000)000-0086 | Voice Mail | CL | AR | | Included | .00 | .00 |
| 115 | 05/08 | 11:06A | P | 1 | Kahului | HI | (808)264-3281 | Wailuku | HI | AM | | Included | .00 | .00 |



verizon wireless

Bill date         July 3, 2006
Account number    465032818-00001
Invoice number    2054418000

## Usage detail continued . . .

### In Your Home Area

| | Date | Time | Rate | Minutes | Origination+ | | Phone number | Destination | Usage type | Call type | Airtime charges | Long distance and other charges | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 312 | 06/13 | 09:39P | O | 7 | Kihei | HI | Unavailable | Incoming | CL | Y | Included | .00 | .00 |
| 313 | 06/14 | 07:30A | P | 1 | Kihei | HI | (000)000-0086 | Voice Mail | CL | AR | Included | .00 | .00 |
| 314 | 06/14 | 08:05A | P | 10 | Kihei | HI | Unavailable | Incoming | CL | A | Included | .00 | .00 |
| 315 | 06/14 | 09:58A | P | 3 | Kahului | HI | (808)521-3336 | Honolulu | HI | A | Included | .00 | .00 |

Page 12 of 24