IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 07-00234 DAE-KSC |
| | ) | CR. NO. 05-00104 DAE |
| Plaintiff/Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MANUEL OMAR LUERA, | ) | |
| | ) | |
| Defendant/Respondent. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S SECTION 2255 MOTION

On November 1, 2007, the Court heard Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, 28 U.S.C. § 2255 ("Section 2255 Motion"). Beverly Wee Sameshima, Assistant U.S. Attorney, appeared at the hearing on behalf of the Government; Manuel Omar Luera, pro se, appeared at the hearing on his own behalf, via video conference. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES Petitioner's Section 2255 Motion.

BACKGROUND

On January 3, 2005, Petitioner, Manuel Omar Luera, was charged with distribution of more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 841 (a)(1). On March 9, 2005, Petitioner fled the

island of Oahu without notifying Pretrial Services, in violation of the conditions of his pretrial release. Petitioner also contacted his brother, in violation of the conditions of his release, and convinced his brother to leave Oahu, in violation of the terms of Petitioner's and his brother's terms of release. On March 17, 2005, a federal grand jury returned a two-count Indictment against Petitioner for conspiracy and attempt to distribute 500 grams or more of methamphetamine, and, two days later, the United States Marshals Fugitive Task Force captured Petitioner and his brother in San Diego, California.

On July 22, 2005, Attorney Randall Oyama, was retained as Petitioner's counsel. Mr. Oyama represented Petitioner when, on September 7, 2005, he entered a guilty plea before Magistrate Judge Kevin S.C. Chang ("Magistrate Judge") to Count 1 of the Indictment, pursuant to a written plea agreement. The plea agreement included a waiver of Petitioner's rights to appeal his sentence unless the Court sentenced him above the advisory guidelines and/or Petitioner wanted to claim ineffective assistance of counsel. This Court accepted the guilty plea on September 27, 2005.

Before entering the guilty plea, Petitioner told the Magistrate Judge that he read the plea agreement, understood the terms, and discussed the terms with counsel. Petitioner further averred that his decision was not based on any outside

2

influences, such as threats, pressure, promises, or force. Mr. Oyama attests to the same. Mr. Oyama also attests that he reviewed and discussed in detail the Draft Presentence Report with Petitioner.

On April 24, 2006, Attorney Michael Jay Green replaced Mr. Oyama as Petitioner's counsel to appear on Petitioner's behalf for sentencing purposes. Mr. Green did not discuss the Draft Presentence Report with Petitioner because he assumed that Mr. Oyama reviewed and discussed the report with Petitioner. That assumption was correct. On April 28, 2006, Petitioner was sentenced at the low end of the advisory guidelines range to 240 months imprisonment. The Court credited Petitioner for his assistance upon arrest, which had resulted in a prosecution, while taking into account Petitioner's violations of his release, which included absconding and contacting his brother and convincing him to abscond as well. Petitioner also received a two-level enhancement for obstruction of justice under Sentencing Guideline Section 3C1.1 for "threatening, intimidating, or otherwise unlawfully influencing a co-defendant or witness." (Presentence Investigation Report ¶ 37.) The basis for that enhancement was Petitioner's contact with a cooperating defendant, a methamphetamine distributor whose source of supply was Petitioner. Petitioner contacted the cooperating defendant on approximately six different occasions, directing the cooperating defendant to flee

3

from Hawaii.  Petitioner also warned the cooperating defendant that he knew that the cooperating defendant had set him up and that he should flee Hawaii to avoid prison.  Petitioner also told the cooperating defendant that the Mexicans knew where the cooperating defendant lived and they would "get him."  Petitioner offered assistance for the cooperating defendant to flee from Hawaii in exchange for money, including arranging fraudulent identification documents to flee the country.  Mr. Green attests that, under no circumstances, was the two- level enhancement misapplied to Petitioner.

On May 7, 2007, Petitioner filed the instant Section 2255 Motion.  On June 11, 2007, the Government opposed the Section 2255 Motion, and, on September 4, 2007, the Government filed a supplemental memorandum in opposition.  On October 4, 2007, Petitioner filed a reply.  On October 22, 2007, the Government filed a second supplemental memorandum in opposition.[1]

### STANDARD OF REVIEW

The Court's review of a petitioner's motion is provided for by statute:

> A prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon

---

[1] Because the instant order is confined to two issues, which do not concern the criminal history category assigned to Petitioner, the Court need not address the Government's concerns raised in its second supplemental memorandum.

>the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  The Court shall hold an evidentiary hearing on the petitioner's Section 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted.  United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

An evidentiary hearing is not required if the petitioner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." U.S. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).  Mere conclusory statements, without supporting evidence, are not sufficient to require a hearing.  United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993).  Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his right to a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).  The Court has discretion to ascertain whether a claim is substantial before granting

a full evidentiary hearing.  Sanders v. United States, 373 U.S. 1, 18 (1963).  That discretion is limited, however, when a petitioner claims that he or she instructed his or her attorney to file an appeal and the attorney failed to do so.  United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005).  In such situations, evidentiary hearings generally are necessary to determine whether the petitioner made such an express instruction.  See id.

## DISCUSSION

Petitioner claims that his former attorney, Michael Jay Green, was ineffective for two reasons.[2]  First, Petitioner argues that Mr. Green was ineffective for failing to review and to discuss the proposed pre-sentencing report with him.  Second, Petitioner asserts that Mr. Green was ineffective for failing to file a notice of appeal after he and/or a woman named "Kisha Macie Kawakami" requested Mr. Green to file an appeal on Petitioner's behalf.  Accordingly, Petitioner requests that

---

[2] Petitioner raised four arguments in his Section 2255 Motion to support his claim of ineffective assistance of counsel, only two of which he raises here.  In Petitioner's reply, he expressly requests the Court not to address two issues from his Section 2255 Motion to focus his motion on those issues that he, now, believes have merit.  Specifically, Petitioner asks the Court not to address his arguments concerning counsel's failure to object at sentencing to a two-level enhancement for obstruction of justice and Petitioner's lack of understanding of the consequences that would result from the entering of his plea.  (Reply at 2.)  Petitioner also limits his claims to Mr. Green, without mentioning his previous attorney, Mr. Oyama.  The Court will restrict its analysis accordingly.

the Court vacate his sentence. The Government contends that Petitioner's claims are without merit for two reasons. First, Petitioner's previous attorney, Mr. Oyama, was the attorney responsible for reviewing and discussing the Draft Presentence Report with him, not Mr. Green, and Mr. Oyama engaged in such a review and discussion with Petitioner. Second, Mr. Green never discussed an appeal with Petitioner, nor was he asked to file an appeal, and Petitioner expressly waived any right to appeal in his plea agreement except in two circumstances, neither of which applied here.

   First, the Court finds that Petitioner's claim that Mr. Green failed to review and to discuss the Draft Presentence Report with him lacks merit because, as the Government points out and as Mr. Oyama and Mr. Green's declarations support, Mr. Oyama was the attorney responsible for reviewing and discussing Petitioner's Draft Presentence Report with him, not Mr. Green. As Mr. Green attests, "[i]t was not my responsibility to object to the proposed pre-sentence report and any sentencing enhancements recommended by the probation department. I assumed [Petitioner] and his attorney [Mr. Oyama] reviewed and discussed the proposed pre-sentence report." (Green's Decl. ¶ 9.) Green's assumption was correct. Mr. Oyama attests:

7

> After receiving a copy of [Petitioner's] Draft Presentence Report ("PSI"), I discussed it with him. [Petitioner] was concerned about the obstruction of justice enhancement and wanted me to fight it. [Petitioner] told me that when he had left Hawaii and was in San Diego, he contacted the DEA case agent, Pat Picciano who told him that it was okay for him to leave Hawaii and that he did not need to self-surrender or turn himself in. [Petitioner] told me to contact Picciano who would confirm that this was what happened. I called Agent Picciano and related what Luera claimed. Agent Picciano denied the statements claimed by [Petitioner]. After speaking with Agent Picciano, I told [Petitioner] that it was not in his best interest to object or contest the obstruction of justice enhancement. First, the court would have to make a credibility determination to resolve the factual dispute. Luera's claims did not seem credible. Second, Agent Picciano denied the claims and his testimony would contradict [Petitioner's] statements. Third, it did not make sense for an agent to tell a fugitive defendant to disregard a court order.

(Oyama's Decl. ¶ 6.) Moreover, when entering his plea, Petitioner acknowledged that he discussed the terms of his plea agreement with counsel, which is consistent with Mr. Oyama's declaration. Petitioner's claim is limited to Mr. Green, who was not primarily responsible, if responsible at all, for reviewing and discussing the Draft Presentence Report with Petitioner. Mr. Oyama carried that responsibility, and he fulfilled it when he discussed the contents of the Draft Presentence Report with Petitioner, as extensively detailed in Mr. Oyama's declaration. Accordingly, the Court finds that Plaintiff's first claim lacks merit.

Second, the only potentially viable claim is Petitioner's claim that Mr. Green refused to file an appeal when requested to do so.  To demonstrate ineffective assistance of counsel, Petitioner must show (1) that the attorney's performance was deficient and (2) that the deficient performance prejudiced his defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  The failure to file a notice of appeal in disregard of a defendant's specific instruction may demonstrate ineffective assistance of counsel.  See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  In Roe, the Supreme Court rejected the Ninth Circuit's per se rule of deficiency that an attorney must file a notice of appeal unless a defendant specifically instructs the attorney otherwise, finding that rule inconsistent with Strickland, 466 U.S. 668.  Id. at 478.  Rather, the Supreme Court held that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."  Id. (citing Strickland, 466 U.S. at 688).  The standard of reasonableness is an objective one.  See Strickland, 466 U.S. at 688.

Whether an attorney's performance is deficient may be handled with two questions:  (1) whether counsel in fact consulted the petitioner about the appeal, and, if not, (2) whether counsel's failure to consult the petitioner constituted deficient performance.  See Roe, 528 U.S. at 478.  It is well-established that an accused has "the ultimate authority to make certain fundamental decisions

9

regarding the case," including whether to "take an appeal." Jones v. Barnes, 463 U.S. 745, 751 (1983). As such, the attorney has a constitutionally imposed duty to consult the petitioner when there is reason to believe that (1) the petitioner would want to appeal, for instance, when there are non-frivolous grounds for an appeal, or (2) the petitioner reasonably demonstrates that he is interested in appealing. See Roe, 528 U.S. at 480. A court must employ a totality of the circumstances test to make that determination. See id. If the attorney consults the petitioner, the attorney will be found deficient only if he did not follow the petitioner's express instructions. See id. at 478. In other words, when the petitioner "instructs counsel to file an appeal, and the counsel fails to do so, that representation is per se ineffective (even in the face of an appeal waiver)." See Domanguera v. United States, Nos. CR 04-00061-02, CIV. 06-00580, 2007 WL 461307, at *3 (D. Haw. Feb. 7, 2007) (citing United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005)).

   To start, the Court underscores that, even if Petitioner had requested an appeal, Mr. Green would not have been able to maintain one in light of the plea agreement. Petitioner's plea agreement contained an express appellate waiver provision that permitted an appeal in two situations only: (1) in the event that the Court sentenced Petitioner above the advisory guidelines, or (2) in the event that

Petitioner wanted to bring a claim for ineffective assistance of counsel in a motion brought pursuant to 28 U.S.C. § 2255.  The Court did not sentence Petitioner above the advisory guidelines, and, in fact, the Court sentenced him at the low range of the guidelines, thus the first exception does not apply.  Additionally, Mr. Green could not have filed an appeal for ineffective assistance of counsel because that would not have been a proper basis for an appeal.  The proper vehicle to file such a claim would have been through a 2255 Motion.  Petitioner not only had the opportunity to file a 2255 Motion, but he did file one, as the motion at issue here.  Because Petitioner had no other valid basis for an appeal, any appeal that Mr. Green (or another attorney) could have brought, even if asked, would have been frivolous.

      Next, Petitioner's 2255 Motion for ineffective assistance of counsel is primarily based on Petitioner's complaint that Mr. Green never filed an appeal on his behalf, even though there was no valid grounds to do so.  Petitioner claims that he made that request, within his right, and that Mr. Green agreed to that request.  Mr. Green disputes that Petitioner (or anyone else on his behalf) ever requested an appeal and, even if he had, Mr. Green never would have agreed to file such an appeal because there was no meritorious basis to do so.  It is undisputed that

11

Petitioner never retained Mr. Green to prosecute an appeal on his behalf. (Green's Decl. ¶ 7.)

In Petitioner's reply, Petitioner claimed that he requested an appeal through a third party, that is, Ms. Kawakami, whose relationship to him is unclear.[3] Specifically, Petitioner claimed that Ms. Kawakami advised Mr. Green of Petitioner's desire to appeal, calling Mr. Green at least three times within the relevant time period to advise him of Petitioner's request. Petitioner made no claim in his reply that he discussed an appeal with Mr. Green personally, focusing instead on Ms. Kawakami's alleged request. During the hearing, Petitioner changed course, arguing that he personally requested an appeal of Mr. Green following his sentence and that Mr. Green agreed to file an appeal, which, of course, Mr. Green denied.[4] Although Petitioner's argument during the hearing is

---

[3] From the hearing, the Court is under the impression that Ms. Kawakami is Petitioner's girlfriend or former girlfriend, as Mr. Green testified that he believed that Ms. Kawakami still loved Petitioner.

[4] In Petitioner's motion, he listed his attorney's failure to file an appeal as a ground for ineffective assistance of counsel, noting in support that he "requested [his] attorney to file a notice of appeal for [him], but he failed to file it for [him] with out ever letting me know why he did not file it." (Motion at 5.) That does not, however, indicate that Petitioner personally made the request of Mr. Green. As Petitioner focused on Ms. Kawakami's request, without mentioning a personal request in his filings until the hearing, the Court is not persuaded that Petitioner personally made that request of Mr. Green, as discussed herein.

consistent with Ms. Kawakami's declaration, in which she stated that she followed-up with Mr. Green on Petitioner's request for an appeal, the inconsistency in Petitioner's story casts doubt on the credibility of Petitioner's account of the events as they unfolded. At the very least, the inconsistency suggests that, even if Petitioner personally requested an appeal, that request was not clearly conveyed to Mr. Green and that, if anyone explicitly requested the appeal, Ms. Kawakami most likely was the person who did so on Petitioner's behalf.

This Court has held, following Ninth Circuit precedent, that a defendant's request of counsel to file an appeal, and the counsel's failure to do so, constitutes per se ineffective assistance of counsel, Domanguera, 2007 WL 461307, at *3, but it has not applied such a per se holding to a third party's request on behalf of a petitioner/defendant, such as Ms. Kawakami's alleged request here. The Court, therefore, looks to the totality of the circumstances according to Roe, 528 U.S. at 480. Mr. Green, consistent with his declaration, disputed that either Petitioner or Ms. Kawakami requested an appeal and that, even if Ms. Kawakami had requested an appeal during one of her multiple telephone calls to him, which he does not recall her doing, he would have advised her (as he would have advised Petitioner) that Petitioner had no non-frivolous grounds for an appeal. If Petitioner

13

sought to challenge Mr. Green's effectiveness as counsel, as Petitioner had every right to do, he would have advised Petitioner to file a 2255 Motion, which Petitioner did in any case.  Overall, the Court finds Mr. Green's testimony and his reasons for not filing an appeal credible and well justified.

To boot, Petitioner has provided no reason to explain why, if an appeal was desired, he did not seek to retain Mr. Green to prosecute the appeal.  It is undisputed that Petitioner did not retain Mr. Green to file an appeal, and the testimony suggests that neither Petitioner nor Ms. Kawakami clearly expressed Petitioner's desire to appeal his sentence, if they expressed it at all.  Moreover, because a valid basis did not exist for an appeal of Petitioner's sentence, Mr. Green reasonably could have believed that Petitioner did not seek an appeal.   Thus, the Court is persuaded that Mr. Green was not ineffective for failing to file an appeal on Petitioner's behalf.

Petitioner's guilty plea also supports Mr. Green's reasonable belief that an appeal was not desired.  As the Supreme Court held in Roe, although not dispositive, the fact that Petitioner pled guilty indicated that he sought an end to the judicial process.  Additionally, his knowing waiver of an appeal reduced the scope of the appealable issues.  See 528 U.S. at 480 (determining that "a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea,

both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings"). Viewing the totality of the circumstances, the Court finds that Mr. Green's decision not to file an appeal was reasonable because, even if an appeal was desired, that desire was not clearly articulated to Mr. Green. Thus, Petitioner has failed to demonstrate that Mr. Green's assistance was ineffective.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Section 2255 Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 5, 2007.



David Alan Ezra
United States District Judge

United States of America vs. Manuel Omar Luera, Civil NO. 07-00234 DAE-KSC, Cr. No. 05-00104 DAE; ORDER DENYING PETITIONER'S SECTION 2255 MOTION