IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>vs. )<br>)<br>MANUEL OMAR LUERA, )<br>)<br>Defendant/Petitioner. )<br>_____ ) | CV. NO. 07-234 DAE-KSC<br>CR. NO. 05-00104 DAE |

ORDER DENYING PETITIONER'S MOTION REQUESTING
RECONSIDERATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Petitioner's motion and the supporting memoranda, the Court DENIES Petitioner's Motion Requesting Reconsideration.

BACKGROUND

On January 3, 2005, Petitioner, Manuel Omar Luera, was charged with distribution of more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 841 (a)(1).  On March 9, 2005, Petitioner fled the island of O`ahu without notifying Pretrial Services, in violation of the conditions

of his pretrial release.  Petitioner also contacted his brother, in violation of the conditions of his release, and convinced his brother to leave O`ahu, in violation of the terms of Petitioner's and his brother's terms of release.  On March 17, 2005, a federal grand jury returned a two-count Indictment against Petitioner for conspiracy and attempt to distribute 500 grams or more of methamphetamine, and, two days later, the United States Marshals Fugitive Task Force captured Petitioner and his brother in San Diego, California.

On July 22, 2005, Randall Oyama, Esq., was retained as Petitioner's counsel.  Mr. Oyama represented Petitioner when, on September 7, 2005, he entered a guilty plea before Magistrate Judge Kevin S.C. Chang ("Magistrate Judge") to Count 1 of the Indictment, pursuant to a written plea agreement.  The plea agreement included a waiver of Petitioner's rights to appeal his sentence unless the Court sentenced him above the advisory guidelines and/or Petitioner wanted to claim ineffective assistance of counsel.  This Court accepted the guilty plea on September 27, 2005.

Before entering the guilty plea, Petitioner told the Magistrate Judge that he read the plea agreement, understood the terms, and discussed the terms with counsel.  Petitioner further averred that his decision was not based on any outside influences, such as threats, pressure, promises, or force.  Mr. Oyama attested to the

2

same.  Mr. Oyama also attested that he reviewed and discussed in detail the Draft Presentence Report with Petitioner.

On April 24, 2006, Michael Jay Green, Esq., replaced Mr. Oyama as Petitioner's counsel for sentencing purposes.  Mr. Green did not discuss the Draft Presentence Report with Petitioner because he assumed that Mr. Oyama reviewed and discussed the report with Petitioner.  That assumption was correct.  On April 28, 2006, Petitioner was sentenced at the low end of the advisory guidelines range to 240 months imprisonment.  The Court credited Petitioner for his assistance upon arrest, which had resulted in a prosecution, while taking into account Petitioner's violations of his release, which included absconding and contacting his brother and convincing him to abscond as well.  Petitioner also received a two-level enhancement for obstruction of justice under Sentencing Guideline Section 3C1.1 for "threatening, intimidating, or otherwise unlawfully influencing a co-defendant or witness."  (Presentence Investigation Report ¶ 37.)  The basis for that enhancement was Petitioner's contact with a cooperating defendant, a methamphetamine distributor whose source of supply was Petitioner.

On May 7, 2007, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 ("Section 2255 Motion"), in which he argued that he had been provided ineffective assistance of

3

counsel. On June 11, 2007, the Government opposed the Section 2255 Motion, and, on September 4, 2007, the Government filed a supplemental memorandum in opposition. On October 4, 2007, Petitioner filed a reply. On October 22, 2007, the Government filed a second supplemental memorandum in opposition. This Court denied Petitioner's Section 2255 Motion ("Order Denying 2255 Motion") on November 5, 2007. Petitioner filed the instant Motion Requesting Reconsideration ("Motion for Reconsideration") on November 26, 2007. The Government did not file an opposition.

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell, 872 F. Supp. at 758. Mere disagreement with a previous order

is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  Three predominant grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); see also Carnell, 872 F. Supp. at 758-59.  Fed. R. Civ. P. 60(b) also provides that the court may grant relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The District of Hawaii has implemented the federal standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an

intervening change in law, or proof of manifest error of law or fact. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003). The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision. Id. Local Rule 60.1 also places a ten business day time limitation on filing a motion for reconsideration based on proof of manifest error of law or fact.

## DISCUSSION

Petitioner asserts that this Court should reconsider its Order Denying 2255 Motion based on arguments raised by Petitioner regarding the ineffective assistance provided by his counsel at sentencing, Mr. Michael Jay Green, Esq. Specifically, Petitioner alleges that Mr. Green was ineffective for: (1) failing to move for downward departure on Petitioner's behalf as a result of Petitioner's "post offense rehabilitation efforts;" and (2) failing to file an appeal on Petitioner's behalf despite being made aware of Petitioner's interest in such an appeal.[1]

Neither of Petitioner's claims has merit. Petitioner's first argument – that Mr. Green's alleged failure to move for downward departure on Petitioner's behalf requires the Court's reconsideration of its previous order – fails to satisfy

---

[1] Petitioner claims, as he did in his Section 2255 Motion that a "Ms. Kawakami" informed Mr. Green of Petitioner's interest in filing an appeal.

any of the three criteria provided by Local Rule 60.1. Petitioner does not allege discovery of previously unavailable material facts, does not allege the occurrence of an intervening change in law, and does not offer proof of a manifest error of law or fact. Instead, Petitioner attempts to craft a new argument based on old facts. Moreover, Petitioner neglects to mention that a motion for downward departure <u>was filed</u> on his behalf (by initial counsel, Mr. Oyama) on April 13, 2006. (Sentencing Memo., Doc. # 43.) On April 24, 2006, Petitioner, via Mr. Green, withdrew the motion for downward departure and urged the Court to consider "exercising its discretion pursuant to <u>United States v. Booker</u> . . . and to impose sentence below the guideline range" based on the assistance Petitioner provided to the Government and Petitioner's role in the charged offense. (<u>Id.</u>) Finally, Petitioner was present at the sentencing hearing and therefore had an opportunity to confer with or instruct Mr. Green regarding downward departure. (Sentencing to Count 1 of the Indictment as to Defendant Manuel Omar Luera, Doc. # 46.) The information proffered by Petitioner in support of his first argument has been available since his sentencing and he has provided no reason why he could not have raised this argument in his Section 2255 Motion.[2]

---

[2] Indeed, Petitioner's Section 2255 Motion was premised on two <u>different</u> arguments regarding Mr. Green's ineffectiveness. First, Petitioner argued that Mr. Green failed to review and to discuss the proposed pre-sentence report with him.

While it is unclear from his motion, Petitioner apparently contends that Mr. Green should have made a motion for downward departure based on Petitioner's "post offense rehabilitation" in accordance with 18 U.S.C. § 3353. Specifically, Petitioner apparently argues that Mr. Green was mandated by section 3353 to file a motion for downward departure, or at least to consider doing so based on section 3353's criteria. This is a misstatement of law. Section 3353 provides that the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed, paragraph (2) sets forth the following factors to be considered:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A-D); see also United States v. Booker, 543 U.S. 220, 222 (2005). Section 3353 contains no language suggesting a triggering requirement

---

Second, Petitioner asserted that Mr. Green failed to file a notice of appeal after a "Ms. Kawakami" informed Mr. Green of Petitioner's interest in filing an appeal. For the reasons set forth in the Order Denying 2255 Motion, the Court found these arguments to be without merit.

for, nor does it even mention, motions for downward departure. Instead, it is the Court, and not counsel, that is required to consider section 3353 in crafting an equitable sentence. The Court accounted for section 3353's factors when determining Petitioner's sentence, which, at 240 months, was at the low end of the applicable sentencing guidelines. For these reasons, Petitioner's first argument does not satisfy the criteria of Local Rule 60.1 and therefore fails as a matter of law.

      Petitioner's second argument also fails. Petitioner does not allege new material facts that were previously unavailable, does not assert that the underlying law has changed, and does not argue that the Court made a manifest error of law or fact. Instead, Petitioner reiterates the same argument from his Section 2255 Motion – that Mr. Green was ineffective because he did not file an appeal despite allegedly being made aware of Petitioner's desire to appeal by a third party – and offers nothing new to support this contention. The Court stands on the reasoning set forth in the Order Denying 2255 Motion for why this argument lacks merit. For purposes of the instant motion, Petitioner provides no new facts, asserts no

change in relevant law, and can demonstrate no error of fact or law with respect to this argument.  As such, Petitioner's second claim fails as a matter of law.[3]

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Motion Requesting Reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 27, 2007.



David Alan Ezra
United States District Judge

United States of America v. Luera, CV No. 07-00234 DAE-KSC, CR. NO. 05-00104 DAE; ORDER DENYING PETITIONER'S MOTION REQUESTING RECONSIDERATION

---

[3] It should be noted that, even had Mr. Green argued for precisely what Petitioner suggests now, it would have made no difference.  The Court carefully considered all of the section 3353 factors, including Petitioner's behavior while on release, and imposed what it considered a fair and reasonable sentence.